IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JA'WAYNE HELFFERICH,

        Plaintiff,

  vs.                                                             No. CIV 09-459 WJ/LFG

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION
## AND DISMISSING ACTION

THIS MATTER comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 26], filed December 3, 2010. The Magistrate Judge recommended that Plaintiff's motion to reverse or remand be denied and that this action be dismissed with prejudice.

Plaintiff Ja'Wayne Helfferich ("Helfferich") filed Objections [Doc. 27, 28] to the Analysis and Recommended Disposition.[1] The Court considered Plaintiff's Objections and conducted a *de novo* review of the Magistrate Judge's Analysis. The Court overrules the objections, accepts the Recommended Disposition, and orders that the action be dismissed with prejudice.

Plaintiff objects, first, to the proposed finding that the ALJ properly assessed Helfferich's residual functional capacity ("RFC") and in doing so, correctly weighed the treating physician's opinion. Plaintiff argues that the ALJ should have accepted the treating physician's opinion as

---

[1] Helfferich initially filed her objections under an incorrect case number (09cv945) [Doc. 27]; counsel filed "an errata" on December 21, 2010 [Doc. 28], correcting the caption.

stated in an assessment form, even when that opinion finds no support in the record.

The Magistrate Judge examined the record in detail and found nothing to indicate that Helfferich was incapable of lifting more than five pounds, other than the one statement by treating physician Dr. Lamba in an assessment form, and another by a consulting physician to the same effect.  As the Magistrate Judge pointed out, Dr. Lamba failed to complete that part of the assessment form asking him to identify the particular medical findings which support his assessment of any limitations.  The record contradicts Dr. Lamba's assessment; it includes not only other consulting doctor's opinions that Helfferich is capable of lifting 20 pounds occasionally and 10 pounds frequently [Tr. 348], but Helfferich's own statement that he can lift up to 25 pounds. [Tr. 149].

Plaintiff contends that the Magistrate Judge "largely ignored" the case of Robinson v. Barnhart, 366 F.3d 1078 (10th Cir. 2004), which deals with the proper weight to accord a treating physician's opinions and states that the ALJ should recontact a treating physician and obtain clarification, when the physician's opinion is unsupported by the record.  The Magistrate Judge discussed the Robinson case and determined it was not controlling in this situation, particularly when the Plaintiff himself gave evidence which conflicted with the doctor's opinion as to his lifting capacity.

The Magistrate Judge discussed the treating physician rule as set forth in the governing case law, regulations and rulings, noting that an ALJ may give controlling weight to a treating physician's opinion, but he is not bound to do so.  Indeed, "it is error to give an opinion controlling weight simply because it is the opinion of a treating source," if it is not well-supported by medical evidence or is inconsistent with other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  If the ALJ assigns some lesser weight to the doctor's opinion, he

must state specific reasons for doing so.

The Magistrate Judge found that the ALJ adequately stated his reasons for rejecting the treating source's opinion, and cited Kemp v. Bowen, 816 F.2d 1469, 1476 (10th Cir. 1987) in concluding that, although a treating source's opinion is entitled to extra weight, the ultimate "resolution of genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder." The Court finds no error in ALJ's handling of the treating source opinion and its role in the RFC finding, nor in the Magistrate Judge's analysis. This objection is overruled.

Helfferich also objects to the Magistrate Judge's proposed finding of no error in the ALJ's hypothetical question to the vocational expert ("VE"). Helfferich argues that, in formulating his hypothetical, the ALJ did not include all of the functional limitations assessed by Dr. Lamba. This objection, too, is overruled. The Magistrate Judge found no error in the ALJ's handling of Dr. Lamba's opinion, including his determination that the opinion should not be given controlling weight. All limitations which the ALJ found to be supported by the evidence were included in the hypothetical. There was no error in this aspect of the ALJ's decision, nor in the Magistrate Judge's analysis thereof, and this second objection is also overruled.

## Order

IT IS THEREFORE ORDERED that the Analysis and Recommended Disposition of the United States Magistrate Judge is adopted by the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reverse or Remand [Doc.17] is denied, and this action is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE